# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Barry A. Bolt<br>April Michelle Hipkins aka April Bolt aka April Hipkins-Bolt<br>　　　　　Debtors | CHAPTER 13 |
| PennyMac Loan Services, LLC<br>　　　　　Movant<br>vs. | NO. 18-17544 JKF |
| Barry A. Bolt<br>April Michelle Hipkins aka April Bolt aka April Hipkins-Bolt<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esq.<br>　　　　　Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,329.44,** which breaks down as follows;

Post-Petition Payments:　　　　December 2018 to March 2019 at $1,574.61/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears　　$7,329.44**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). A down payment in the amount of $6,298.44 by March 31, 2019;

b). Beginning on April 1, 2019 and continuing through June 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,574.61** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$343.67 from April 2019 to May 2019 and $343.66 for June 2019** towards the arrearages on or before the last day of each month at the address below;

PENNYMAC LOAN SERVICES LLC
27001 Agoura Road, Suite 350
Calabasas, CA 91301

      c).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 20, 2019                      By: */s/ Rebecca A. Solarz, Esquire*
                                                         Attorney for Movant

Date:   4/16/19

                                                         Stanley E. Luongo, Jr.
                                                         Attorney for Debtors

Document      Page 3 of 3

Date: 4/22/2019                              /s/ Polly A. Langdon, Esquire, for
                                             Scott Waterman, Esquire
                                             Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.


                                             _____
                                             Bankruptcy Judge
                                             Jean K. Fitzsimon