United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-17544-jkf
Barry A. Bolt                                                           Chapter 13
April Michelle Hipkins
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW            Page 1 of 1            Date Rcvd: Apr 23, 2019
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 25, 2019.
db             +Barry A. Bolt,    479 Kirks Mill Road,    Lincoln University, PA 19352-1006

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 23, 2019 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com
              POLLY A. LANGDON    on behalf of Trustee SCOTT  WATERMAN ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              REBECCA ANN SOLARZ    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              SCOTT  WATERMAN    ECFmail@fredreiglech13.com, ECF_FRPA@Trustee13.com
              STANLEY E. LUONGO, JR.    on behalf of Debtor Barry A. Bolt stan.luongo@luongobellwoar.com,
               nicole.werner@luongobellwoar.com
              STANLEY E. LUONGO, JR.    on behalf of Joint Debtor April Michelle Hipkins
               stan.luongo@luongobellwoar.com, nicole.werner@luongobellwoar.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfmail@FredReigleCh13.com,
               ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Barry A. Bolt<br>April Michelle Hipkins aka April Bolt aka April Hipkins-Bolt<br>　　　　　　Debtors | CHAPTER 13 |
| PennyMac Loan Services, LLC<br>　　　　　　Movant<br>vs. | NO. 18-17544 JKF |
| Barry A. Bolt<br>April Michelle Hipkins aka April Bolt aka April Hipkins-Bolt<br>　　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esq.<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,329.44,** which breaks down as follows;

Post-Petition Payments:　　　　December 2018 to March 2019 at $1,574.61/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears　　$7,329.44**

2.　　The Debtor(s) shall cure said arrearages in the following manner;

a). A down payment in the amount of $6,298.44 by March 31, 2019;

b). Beginning on April 1, 2019 and continuing through June 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,574.61** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$343.67 from April 2019 to May 2019 and $343.66 for June 2019** towards the arrearages on or before the last day of each month at the address below;

PENNYMAC LOAN SERVICES LLC
27001 Agoura Road, Suite 350
Calabasas, CA 91301

        c).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 20, 2019                           By: /s/ Rebecca A. Solarz, Esquire
                                                                              Attorney for Movant

Date:    4/16/19                                               Stanley E. Luongo, Jr.
                                                                              Attorney for Debtors

Date: 4/22/2019                                 /s/ Polly A. Langdon, Esquire, for
                                                Scott Waterman, Esquire
                                                Chapter 13 Trustee

Approved by the Court this 23rd day of April, 2019. However, the court retains discretion regarding entry of any further order.

*Jean K. Fitzsimon*

Bankruptcy Judge
Jean K. Fitzsimon